# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Daniel Carson Boles, Respondent.

Appellate Case No. 2026-000975

———

Opinion No. 28334
Submitted May 1, 2026 – Filed May 27, 2026

———

## DEFINITE SUSPENSION

———

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Connor J. Parker, both of
Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

———

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, agrees to pay
costs, and consents to the imposition of a confidential admonition, a public
reprimand, or a definite suspension of up to thirty days.  We accept the Agreement
and suspend Respondent from the practice of law in this state for thirty days.  The
facts, as set forth in the Agreement, are as follows.

## I.

Respondent was admitted to practice law in South Carolina in 2010 and has no
disciplinary history.  In February 2026, a preliminary hearing was set in Charleston
County Magistrate Court involving one of Respondent's clients.  The Magistrate,
the Assistant Solicitor, a law enforcement witness, a victim advocate, and members
of the victim's family were present in the courtroom.  Shortly before the hearing,

Respondent's associate appeared before the Magistrate to request a continuance of the hearing on behalf of Respondent, stating that Respondent felt ill. The Magistrate denied the request to continue the hearing because of the case's age, the victims' presence, and the associate's ability to represent the defendant at the hearing.

The associate contacted Respondent to advise the Magistrate denied the request for a continuance. After learning the continuance request was denied, Respondent came to the courthouse. Respondent entered the courtroom and angrily yelled out, asking where to find the Magistrate. He then approached the Assistant Solicitor and became louder as he argued about not being granted a continuance. Both Respondent and the Assistant Solicitor then headed through the door in the rear of the courtroom, which led to the Magistrate's chambers.

The Magistrate was in chambers with her door closed. The Assistant Solicitor advised Respondent that the Magistrate was on the telephone. Respondent began knocking on the door aggressively and loudly and could be heard from the courtroom demanding that the Magistrate get off the phone. While the Magistrate was on the phone, Respondent opened the Magistrate's chambers door and entered. Respondent claims he heard the Magistrate say "come in"; however, he acknowledges that the Magistrate was speaking on the phone when he entered.

Upon entering the Magistrate's chambers, Respondent spoke to the Magistrate in an angry, loud, and disrespectful tone, which could be heard in the courtroom. Respondent spoke over the Magistrate who was on the phone, demanded the Magistrate grant him a continuance, and made derisive remarks about the quality of the court. After the Magistrate informed Respondent that the matter would be addressed on the record, Respondent exited the Magistrate's chambers, slammed her door shut, and returned to the courtroom.

During the subsequent hearing, Respondent continued arguing with the Magistrate, repeatedly interrupted the Magistrate, disputed the denial of a continuance, acted belligerent towards the Magistrate, and displayed a lack of decorum before the victim, victim advocate, law enforcement, counsel, and court staff.

## II.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.5(d) (prohibiting conduct intended to disrupt a tribunal); and Rule 8.4(e) (prohibiting conduct that is

prejudicial to the administration of justice). Respondent admits his conduct also violated the Lawyer's Oath in Rule 402(h)(3), SCACR (requiring respect and courtesy toward judges and judicial officers).

Respondent acknowledges his misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); Rule 7(a)(5) (providing conduct demonstrating an unfitness to practice law is a ground for discipline); and Rule 7(a)(6) (providing a violation of the Lawyer's Oath is a ground for discipline).

In his affidavit in mitigation, Respondent gives various reasons for his behavior and explains that it was out of character. Respondent also attached eleven letters and affidavits from various other lawyers, clients, and friends attesting that his behavior in magistrate court on the day of this incident was atypical. Respondent also emphasizes that he has fully cooperated with the disciplinary process, has no prior disciplinary history, has expressed genuine remorse, did not engage in conduct involving dishonesty, and that he has voluntarily undertaken remedial action to ensure similar behavior is not repeated.

## III.

Respect for a tribunal and the rule of law is foundational to our system of justice. As such, we find Respondent's conduct deeply troubling, regardless of how out-of-character it may have been. Accordingly, we accept the Agreement and impose a thirty-day definite suspension as a sanction for Respondent's misconduct.[1] As a condition of discipline, Respondent must participate in regular treatment with a licensed mental health doctor or therapist for a period of two years or until released from treatment by the provider, whichever is longer. Respondent must comply with any and all requirements and recommendations for treatment by the provider, including any preventative support measures. For the period of treatment, Respondent shall report quarterly to the Commission on Lawyer Conduct as set forth in detail in the Agreement. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

---

[1] We decline to impose this sanction retroactively.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**